UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN, | No. 2:17-cv-0016 KJM KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN,[1] | |
| Respondent. | |

I. <u>Introduction</u>

      Petitioner is a state prisoner, proceeding pro se and in forma pauperis, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action because it is successive and filed beyond the one year statute of limitations, and argue that petitioner's third claim is not cognizable, and his fourth claim is barred under <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 395, 402 (2001). As set forth below, respondent's motion should be granted.

////

////

---

[1] David Baughman, current warden of the California State Prison, Sacramento, is substituted as respondent. Fed. R. Civ. P. 25(d); <u>see</u> <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

II. Background

On June 4, 2003, petitioner was convicted of first degree murder and arson of property. (Respondent's Lodged Document ("LD") 1.) Petitioner was sentenced to an indeterminate state prison term of 84 years to life on July 7, 2003. (LD 1.)

Petitioner filed a timely appeal in the California Court of Appeal, Third Appellate District. On July 27, 2004, the state appellate court ordered the trial court to amend the abstract of judgment to award petitioner 424 days of presentence custody credit, but affirmed the judgment of conviction in all other aspects. (LD 2.)

Petitioner filed a petition for review in the California Supreme Court. On October 13, 2004, the California Supreme Court denied the petition for review without comment. (LD 4.)

Subsequently, petitioner filed 22 pro se petitions for writs of habeas corpus in state court. (ECF No. 13 at 2-3; LD 5-52.)

On January 19, 2007, petitioner filed a petition for writ of habeas corpus in the Eastern District of California challenging his 2003 conviction. Coleman v. Clark, No. 2:07-cv-0136 FCD GGH P. (LD 53.) On February 18, 2009, the federal petition was denied as barred by the statute of limitations. (LD 54.)

Petitioner filed an appeal in the United States Court of Appeals for the Ninth Circuit. On September 30, 2010, the judgment was affirmed, and the mandate filed on December 6, 2010. (LD 55, 56.) Petitioner's motion to recall the mandate was denied on January 18, 2011. (LD 57.)

Petitioner filed a motion to recall the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which was denied by the district court on September 5, 2013. (LD 58-59.) He filed another motion to recall the judgment, which was denied on June 11, 2014. (LD 60-61.)

Petitioner filed an appeal from the denial of his motion under Rule 60(b). The Ninth Circuit affirmed the judgment on October 24, 2016, and certiorari was denied on March 27, 2017. (LD 62-64.)

Petitioner filed two applications for authorization to file second or successive petitions in the Ninth Circuit; the first was denied on December 14, 2012, and the second was denied on November 23, 2015. (LD 65-66.)

III. Motion to Dismiss

    A. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

    B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant petition because the petition was filed after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). Among other changes to federal habeas law, "AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A disposition is "on the merits" if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990).

AEDPA restricts the type of claims that are eligible to be heard in a successive petition. As the Supreme Court explained,

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law.

3

Tyler, 533 U.S. at 661-62 (2001) (citations omitted); see also 28 U.S.C. § 2244(b)(1-2). Federal Circuit Courts are responsible for determining whether a successive petition falls within one of these two authorized exceptions and may proceed:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (quoting same); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998) ("An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application."). Accordingly, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Woods, 525 F.3d at 888.

"When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotation marks and citation omitted); see also Magwood v. Patterson, 561 U.S. 320, 331 (2010) ("[I]f [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss [ ] it . . . because [petitioner] failed to obtain the requisite authorization from the Court of Appeals."). Accordingly, "[a] petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016) (citation omitted); see also Burton, 549 U.S. at 157 ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Because prior Ninth Circuit authorization is jurisdictional, a petitioner must obtain leave from the court of appeals before a successive habeas petition is filed in the district court. See Magwood, 561 U.S. at 330-31 ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court.")

4

Here, the court's own records reveal that petitioner previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application[2] was filed on January 19, 2007, and was dismissed on February 18, 2009, as barred by the statute of limitations. "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

Petitioner does not deny that he filed a previous federal habeas petition, but rather argues the factual predicate of his new claims could not have been discovered earlier. As set forth above, the Court of Appeals for the Ninth Circuit must determine whether a successive petition falls within one of the authorized exceptions. 28 U.S.C. § 2244(b)(3)(A).

There is no indication in the record that petitioner has obtained permission from the Ninth Circuit to file a second or successive petition. Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.[3]

In accordance with the above, IT IS HEREBY ORDERED that respondent's request to substitute the name of the respondent warden is granted; and

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written

---

[2] As argued by respondent, petitioner raised 39 grounds for relief in his prior federal petition, none of which are raised in the instant petition. Coleman v. Clark, No. 2:07-cv-0136 FCD GGH P (ECF No. 1).

[3] In light of this recommendation, the court need not reach respondent's alternative grounds for dismissal.

5

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 13, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cole0016.mtd.succ